UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEIOSHA BOULRECE,

   Plaintiff,

v.

BUSINESS REVENUE SYSTEMS, INC.,

   Defendant.

Case No. 1:22-cv-00853

## COMPLAINT

**NOW COMES** Plaintiff, KEIOSHA BOULRECE, through undersigned counsel, complaining of Defendant, BUSINESS REVENUE SYSTEMS, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

3. The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects … debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

4. Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating

1

with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5. The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. KEIOSHA BOULRECE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1361 Mackinaw Avenue, Calumet City, Illinois 60409-5942.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. BUSINESS REVENUE SYSTEMS, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Indiana.

11. Defendant has its principal place of business at 2102 South Main Street, Burlington, Iowa 52601.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

---

[1] **About Us**. Collect more…. spend less. Business Revenue Systems, Inc. was established in 1982. We take the time to identify your individual needs and will customize a collection program that increases your bottom line. We take pride in our effective collection techniques that are designed to maximize results without compromising the integrity of our client or the dignity of the consumer. Our commitment to exceeding your expectations ensures you a higher standard of customer service. It is our job to make your job easier and we take our job seriously. We are … ***Your Total Collection Solution.*** https://www.brsi.net/ (last accessed February 16, 2022).

13. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

14. Plaintiff became indebted to Imaging Associates of Indiana in the amount of $1,048.00.

15. Plaintiff's $1,048.00 indebtedness to Imaging Associates of Indiana is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. On April 30, 2021, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Illinois.[2]

17. The bankruptcy court issued an Order of Discharge on August 4, 2021.

18. Imaging Associates of Indiana hired Defendant to collect the debt from Plaintiff.

19. Defendant sent a letter to Plaintiff, dated February 8, 2022, demanding that she repay the debt to Imaging Associates of Indiana.

20. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Of course, that debt no longer existed, as it had been discharged by the bankruptcy court.

## DAMAGES

22. Section 524 of the Bankruptcy Code provides:

   (a) A discharge in a case under this title . . .

   (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to

---

[2] Ch-7 ABG 21-05754 *In re Keiosha Boulrece*

>collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2). One of the fundamental principles of bankruptcy law is that a bankruptcy discharge enables a debtor to receive a "fresh start." *See Marrama v. Citizens Bank*, 549 U.S. 365, 127 S. Ct. 1105, 1107, 166 L. Ed. 2d 956 (U.S. 2007) ("The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'") (citation omitted). The Section 524 discharge injunction serves this function by protecting debtors from creditors' attempts to collect discharged debts after bankruptcy.

23. Defendant's unlawful collection practices deprived Plaintiff of one of her fundamental protections and presented real risk of harm to Plaintiff—as there is a danger that debt collectors will continue to send these letters, thinking that the recipient mightn't realize that this debt will be discharged or that this debt she was dunned for, perhaps long after the bankruptcy, was among the debt that will be discharged. Or she might think the debt was a debt that cannot be discharged in bankruptcy.

24. Defendant's unlawful collection efforts alarmed and confused Plaintiff--causing her to believe that the exercise of her rights, through filing bankruptcy, was for naught—producing, anxiety, emotional distress, and sleepless nights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26. Section 1692e provides:

4

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> > (2) The false representation of–
> >
> > > (A) the character, amount, or legal status of any debt.
> >
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Defendant's letter asserted that Plaintiff's $1,048.00 balance was due and demanded that Plaintiff pay the debt.

28. But at the time of Defendant's letter to Plaintiff, Plaintiff's $1,048.00 balance ***was not*** due and was not immediately collectible due to the discharge injunction.

29. It seems clear, then, that Defendant's letter misrepresented the legal status of Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not.")

30. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)

      (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, KEIOSHA BOULRECE, prays the Court enter an Order:

A.     finding that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

B.     finding that Plaintiff's $1,048.00 indebtedness to Imaging Associates of Indiana is a "debt" as defined by 15 U.S.C § 1692a(5);

C.     finding that Defendant used false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's $1,048.00 indebtedness to Imaging Associates of Indiana, violating 15 U.S.C. § 1692e(2)(A) and e(10);

D.     awarding any actual damage sustained by Plaintiff as a result of Defendant's violation(s);

E.     awarding such additional damages, as the Court may allow, but not exceeding $1,000.00;

F.     awarding costs of this action including expenses together with reasonable attorney's fees as determined by the Court; and

G.     awarding such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 16, 2022          Respectfully submitted,

**KEIOSHA BOULRECE**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com